**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ALBERT BARRINGTON EDWARDS,
                        *Petitioner,*

v.

JOHN ASHCROFT, Attorney General of
the United States,

                        *Respondent.*

No. 03-1101

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A37-301-032)

Submitted: August 28, 2003

Decided: October 17, 2003

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Thomas A. Elliot, Fabienne Chatain, ELLIOT & MAYOCK, Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Acting Associate Attorney General, Richard M. Evans, Assistant Director, Michael T. Dougherty, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Albert Barrington Edwards is a native and citizen of Jamaica who entered the United States as an immigrant in 1982. In 1990, Edwards was convicted of distribution of cocaine, in violation of 21 U.S.C.A. § 841(a), (b)(1)(C) (West 1999 & Supp. 2003). Although deportation proceedings were instituted at that time, Edwards received a § 212(c) waiver. 8 U.S.C.A. § 1182(c) (West 1999).

In 1996, Edwards was convicted in Maryland state court of possession of marijuana, and removal proceedings were instituted. In 2002, the Board of Immigration Appeals ("Board") affirmed the immigration judge's order of removal. The Board concluded that Edwards was subject to removal under 8 U.S.C.A. § 1227(a)(2)(B)(i) (West 1999), as an alien who has been convicted of a controlled substance offense. Edwards petitions this court for review.

We lack jurisdiction to review the Board's decision. Under 8 U.S.C.A. § 1252(a)(2)(C) (West 1999), appellate courts do not have jurisdiction to review the final order of removal of an alien who is removable for having committed certain criminal offenses, including controlled substance offenses defined in § 1227(a)(2)(B)(i). Under § 1252(a)(2)(C), we have jurisdiction only to determine the relevant jurisdictional facts: (1) whether Edwards is an alien; and (2) whether he is removable for committing a criminal offense listed in § 1252(a)(2)(C). *Lewis v. INS*, 194 F.3d 539, 542-43 (4th Cir. 1999).

Edwards concedes in this case that he is an alien and that he was convicted for possession of marijuana. Therefore, Edwards is removable under § 1227(a)(2)(B)(i), and, under § 1252(a)(2)(C), we are without jurisdiction to hear his petition.

Edwards also seeks to challenge the provisions of 8 U.S.C.A. § 1182(h) (West 1999) on equal protection grounds. "Even assuming,

without deciding, that our jurisdiction under § 1252(a)(2)(C) includes review of substantial constitutional challenges . . . this claim does not present such a substantial issue." *Ramtulla v. Ashcroft*, 301 F.3d 202, 203-04 (4th Cir. 2002) (citations omitted), *cert. denied*, 123 S. Ct. 2577 (2003). Similarly, we conclude that Edwards's equal protection challenge to 8 U.S.C.A. § 1229b(c)(6) (West 1999) presents no substantial constitutional issue.

We deny Edwards's requests to transfer this petition for review to a district court as a habeas corpus petition, or to remand the case to the Board for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*