**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-1962**

———————————

ALFRED DUKE FORSTER,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A27-862-566)

———————————

Submitted: April 6, 2007                    Decided: May 23, 2007

———————————

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

———————————

Petition dismissed in part; denied in part by unpublished per
curiam opinion.

———————————

Alfred Duke Forster, Petitioner Pro Se.  James Arthur Hunolt, M.
Jocelyn Lopez Wright, Lindsay L. Chichester, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Duke Forster, a native and citizen of Liberia, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming the immigration judge's finding that he is removable as an aggravated felon, 8 U.S.C. § 1227(a)(2)(A)(iii), and denying as a matter of discretion his request for a § 212(c) waiver of deportation under 8 U.S.C. § 1182(c) (1994) (repealed in 1996).

Under 8 U.S.C.A. § 1252(a)(2)(C) (West 2005), "we have no jurisdiction to review a final order of removal of an alien removable for having committed an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). We have jurisdiction to review the facts that trigger the applicability of § 1252(a)(2)(C)--that Forster is an alien and that he was convicted of an aggravated felony. As we find that these facts were established below, we have jurisdiction only to review Forster's constitutional claim. 8 U.S.C.A. § 1252(a)(2)(D) (West 2005); Mbea v. Gonzales, __ F.3d __, __ n.1, 2007 WL 852346, at *1, n.1 (4th Cir. Mar. 22, 2007) (No. 05-1204) (holding 28 U.S.C. § 1252(a)(2)(D) permits review of constitutional claims and questions of law, under 8 U.S.C. § 1252(a)(2)(C)).

Forster asserts that he was denied due process because the Board did not have a full transcript of his hearing before the immigration judge, after a tape malfunction rendered inaudible a

portion of redirect and closing arguments.  This court has held that aliens must be given "an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., [to] receive a full and fair hearing on their claims." Rusu v. INS, 296 F.3d 316, 321-22 (4th Cir. 2002).  In order to receive relief on such a claim, Forster must establish not only that a due process violation occurred but also that he suffered prejudice from the violation. Id. at 320.  Prejudice requires that the violation was likely to affect the results of his hearing. Jean v. Gonzales, 435 F.3d 475, 484 (4th Cir. 2006).  Here, counsel was given the opportunity to recreate the missing portion of the record but opted instead to submit written closing arguments.  As the Board found, Forster was provided a full and fair hearing and the record was sufficient to allow a complete review.  As Forster can show no prejudice from the alleged due process violation, this claim lacks merit.

Accordingly, we dismiss Forster's petition for review in part and deny it in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART

- 3 -