**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1014**

JOSE H. RIVERA, a/k/a Jose M. Rivera, a/k/a Jose Hector
Rivera,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: July 16, 2009        Decided: August 12, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

William Gruel, Martinsburg, West Virginia, for Petitioner. Tony
West, Assistant Attorney General, Linda S. Wernery, Assistant
Director, James E. Grimes, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose H. Rivera, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his applications for cancellation of removal and a waiver of inadmissibility pursuant to § 212(h) of the Immigration and Nationality Act. For the reasons discussed below, we dismiss the petition the review for lack of jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including offenses covered in § 1182(a)(2) of the immigration statutes. Because Rivera was found removable for having been convicted of a crime of moral turpitude pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Rivera] [i]s an alien and whether []he has been convicted of [a crime of moral turpitude]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider

2

"constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Because we find that Rivera is indeed an alien who has been convicted of a crime of moral turpitude, § 1252(a)(2)(C) divests us of jurisdiction over the petition for review. Although Rivera attempts to raise raises numerous arguments challenging the denial of his applications for relief, he overlooks the fact that the immigration judge ultimately found that he was not entitled to relief as a matter of discretion. We have clearly held that § 1252(a)(2)(D) does not authorize review of discretionary determinations that are based on factual circumstances. See Gomis v. Holder, __ F.3d __, 2009 WL 1912622, *5 (4th Cir. 2009); Saintha v. Mukasey, 516 F.3d 243, 248 (4th Cir.), cert. denied, 129 S. Ct. 595 (2008).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

3