**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2399**

JEAN MURAT MONTREVIL,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 23, 2009     Decided:  September 11, 2009

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Joshua E. Bardavid, New York, New York, for Petitioner.  Tony West, Assistant Attorney General, Anh-Thu P. Mai-Windle, Senior Litigation Counsel, Julie M. Iversen, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean Murat Montrevil, a native and citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. For the reasons discussed below, we deny the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including offenses covered in § 1182(a)(2) of the immigration statutes. Because Montrevil was found removable for having been convicted of a controlled substance offense pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II), under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Montrevil] [i]s an alien and whether []he has been convicted of [a controlled substance offense]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Because we find that Montrevil is indeed an alien who has been convicted of a controlled substance offense, § 1252(a)(2)(C) divests us of jurisdiction over the petition for

2

review absent a colorable constitutional claim or question of law. Although Montrevil raises several questions of law in his petition for review, we find that his claims are squarely foreclosed by our recent decision in Zheng v. Holder, 562 F.3d 647 (4th Cir. 2009).[*]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Additionally, to the extent that Montrevil argues that the Board committed legal error in finding that he failed to demonstrate changed country conditions, we find that the Board correctly concluded that Montrevil merely "assert[ed] a fear of a personal nature, not one relating to changes in Haiti." See Zhang v. Att'y Gen., __ F.3d __, 2009 WL 1856787 (11th Cir. June 30, 2009) ("An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in her personal circumstances.").