**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1401**

GERMAIN DIDIER NDONGO,

            Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  October 7, 2009          Decided:  October 27, 2009

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

Germain Didier Ndongo, Petitioner Pro Se.  Carol Federighi,
Senior Litigation Counsel, Rebecca Ariel Hoffberg, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Germain Didier Ndongo, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his motion to reopen. For the reasons discussed below, we dismiss in part and deny in part the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Because Ndongo was found removable for having been convicted of an aggravated felony, under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Ndongo] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Based on our review of the record, we find that Ndongo's conviction under Virginia law for assault and battery amounted to a "crime of violence" and was therefore an

2

aggravated felony.  See 8 U.S.C. § 1101(a)(43)(F) (2006); 18 U.S.C. § 16(a) (2006).  Accordingly, Ndongo is indeed an alien who has been convicted of an aggravated felony, and § 1252(a)(2)(C) divests us of jurisdiction over the petition for review absent a colorable constitutional claim or question of law.

To the extent that Ndongo argues that the immigration court did not provide him with proper notice of his hearing in violation of his due process rights, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (stating that the court liberally construes pro se pleadings), we find that the immigration judge properly complied with the notice requirements set forth in 8 U.S.C. § 1229(a) (2006) by sending a hearing notice to the last known address provided by Ndongo.  We therefore find that the immigration judge properly declined to rescind the in absentia removal order and reopen Ndongo's proceedings on this ground.

Finally, Ndongo claims that he served in the United States Army[*] and has lost his Cameroonian citizenship as a

---

[*] Ndongo implies that he is entitled to some sort of legal status in the United States based on his alleged military service.  Ndongo, however, cannot meet the good moral character requirement for naturalization in light of his status as an aggravated felon.  See 8 U.S.C. §§ 1427(a), (e), 1440 (2006); O'Sullivan v. U.S. Citizenship & Immigration Servs., 453 F.3d 809, 812-16 (7th Cir. 2006).

3

result. To the extent that this claim can be considered a question of law, we find that Ndongo is not entitled to relief. This argument has no bearing on whether Ndongo is entitled to reopening or whether he is removable from the United States. Instead, Ndongo raises a challenge to the designation of Cameroon as the country of removal--a designation that he requested during his removal hearing. Additionally, to the extent that Ndongo's military service prevents his removal to Cameroon, the Attorney General is authorized to select an alternative country pursuant to 8 U.S.C. § 1231(b)(2) (2006).

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

4