**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TERRI-ANN RAMTULLA,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General;
U.S. IMMIGRATION & NATURALIZATION
SERVICE,

*Respondents.*

No. 01-1958

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-676-361)

Argued: June 3, 2002

Decided: August 22, 2002

Before MICHAEL and GREGORY, Circuit Judges, and
Bobby R. BALDOCK, Senior Circuit Judge of the
United States Court of Appeals for the Tenth Circuit,
sitting by designation.

Dismissed by published per curiam opinion.

## COUNSEL

**ARGUED:** Larry Lynn Lewis, LAW OFFICE OF J. W. NESARI,
L.L.C., Arlington, Virginia, for Petitioner. Alison Ruth Drucker,
Office of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

**ON BRIEF:** Robert D. McCallum, Jr., Assistant Attorney General, Donald E. Keener, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

---

### OPINION

PER CURIAM:

Petitioner seeks review of a deportation decision by the Board of Immigration Appeals, arguing that section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h), violates the equal protection guarantee of the Fifth Amendment's Due Process Clause because it allows discretionary relief from removal for illegal immigrants convicted of aggravated felonies while it denies the same relief to lawful permanent resident aliens convicted of the same offenses. Because we lack jurisdiction to hear this appeal, we dismiss the petition for review.

### I.

Terri-Ann Ramtulla, a native and citizen of Jamaica, entered the United States in 1992 as a non-immigrant visitor and became a lawful permanent resident in 1995. She is married to a United States citizen, and her two children are United States citizens. In 1997, Ramtulla pled guilty to violating Va. Code Ann. § 18.2-103, prohibiting concealment of merchandise valued at $200 or more. She was sentenced to two years imprisonment, all suspended, and two years probation.

In 1999, the INS issued a notice to appear, charging Ramtulla with being removable under 8 U.S.C.A. § 1227(a)(2)(A)(i), (iii), for conviction of a crime of moral turpitude and an aggravated felony. Ramtulla sought a § 212(h) waiver, 8 U.S.C.A. § 1182(h).[1] The immigration judge (IJ) held that Ramtulla was ineligible for such

---

[1]Section 212(h) provides that the Attorney General has the discretion to waive certain grounds of inadmissibility and therefore grant relief from deportation "in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien . . . ." 8 U.S.C. § 1182(h)(1)(B).

relief as a lawful permanent resident guilty of an aggravated felony. The Board of Immigration Appeals upheld the IJ. Ramtulla petitions this court for review of the Board's decision.

## II.

We conclude that we lack jurisdiction to review the question on direct review. Under 8 U.S.C. § 1252(a)(2)(C), we have no jurisdiction to review a final order of removal of an alien removable for having committed an aggravated felony. Under this provision, we have jurisdiction only to review factual determinations that trigger the jurisdiction-stripping provision, such as whether Ramtulla was an alien and whether she has been convicted of an aggravated felony. *Calcano-Martinez v. INS*, 533 U.S. 348, 350, n.2 (2001); *Lewis v. INS*, 194 F.3d 539, 542 (4th Cir. 1999).[2] Ramtulla concedes that she is an alien living in the United States as a lawful permanent resident. The record establishes that she was convicted of concealment of merchandise and sentenced to two years imprisonment, all suspended, and subject to probation for a period of two years.[3] A theft or burglary offense with a term of imprisonment of at least one year is an aggravated felony. 8 U.S.C.A. § 1101(a)(43)(G).

Thus, this court has no jurisdiction to review the equal protection issue raised in Ramtulla's brief. Our conclusion is unaffected by Ramtulla's argument that we have jurisdiction under § 1252(a)(2)(C) to review substantial constitutional challenges. Even assuming, without deciding, that our jurisdiction under § 1252(a)(2)(C) includes review of substantial constitutional challenges, *see Calcano-Martinez*, 533 U.S. at 350, n.2, this claim does not present such a substantial issue. *See Lukowski v. INS*, 279 F.3d 644, 647-48 (8th Cir. 2002) (holding a similar equal protection argument lacks merit); *Moore v.*

---

[2]The jurisdiction-stripping provisions of the statute do not preclude petitioner from pursuing habeas relief. *See INS v. St. Cyr*, 533 U.S. 289 (2001).

[3]"Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration . . . ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B).

*Ashcroft*, 251 F.3d 919, 924-26 (11th Cir. 2001) (same); *Lara-Ruiz v. INS*, 241 F.3d 934, 946-48 (7th Cir. 2001) (same).

## III.

Accordingly, the petition is dismissed for lack of jurisdiction.

*DISMISSED*