UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MICHAEL A. ADENIYI,

*Petitioner,*

v.

U.S. IMMIGRATION & NATURALIZATION SERVICE; JOHN ASHCROFT, Attorney General,

*Respondents.*

AMERICAN IMMIGRATION LAW FOUNDATION ("AILF"),

*Amicus Supporting Petitioner.*

No. 02-1865

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A-91-206-109)

Submitted: March 21, 2003

Decided: April 25, 2003

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

## COUNSEL

Jim Tom Haynes, CAMERON & HORNBOSTEL, L.L.P., Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Anthony P. Nicastro, Office of Immigration Litigation, UNITED

STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents. Mary A. Kenney, Nadine K. Wettstein, Beth Werlin, AMERICAN IMMIGRATION LAW FOUNDATION, Washington, D.C., for Amicus Curiae.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael A. Adeniyi, a native and citizen of Nigeria, petitions this Court for review of a final order of the Board of Immigration Appeals affirming the Immigration Judge's decision finding Adeniyi deportable, denying the relief of suspension of deportation, and granting voluntary departure.

Adeniyi's case, which commenced with the issuance of an Order to Show Cause in March 1997, is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009. We find that Adeniyi is an alien who is deportable due to his conviction of possession of more than sixteen ounces of marijuana and that we thus do not have jurisdiction to consider his petition for review. *See Hall v. INS*, 167 F.3d 852, 854-56 (4th Cir. 1999); IIRIRA § 309(c)(4)(G); Immigration and Nationality Act § 241(a)(2)(B).

Nevertheless, Adeniyi advances a due process challenge to the Board's use of its summary affirmance procedure under 8 C.F.R. § 3.1(a)(7) (2002), contending that the Board failed to follow its own regulation with regard to the issuance of the summary affirmance. Assuming, without deciding, that we retain jurisdiction to review substantial constitutional questions in this context, *see Ramtulla v. Ashcroft*, 301 F.3d 202, 203-04 (4th Cir. 2002), we find that Adeniyi's challenge does not qualify as such. *See Albathani v. INS*, 318 F.3d 365, 375-79 (1st Cir. 2003).

Accordingly, we dismiss Adeniyi's petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*