**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1310**

---

ERROL ORLANDO GREEN,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A43-723-606)

---

Submitted: October 19, 2007          Decided: December 7, 2007

---

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

William Payne, BLAIR & LEE, P.C., College Park, Maryland, for Petitioner. Greg D. Mack, Senior Litigation Counsel, Robbin K. Blaya, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Errol Orlando Green, a native and citizen of Jamaica, petitions for review of a decision of the Board of Immigration Appeals ("Board") affirming the immigration judge's finding that Green is removable as an aggravated felon, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), and is ineligible for a § 212(c) waiver of deportation under 8 U.S.C. § 1182(c) (1994) (repealed in 1996).

Under 8 U.S.C.A. § 1252(a)(2)(C) (West 2005), "we have no jurisdiction to review a final order of removal of an alien removable for having committed an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). However, under 8 U.S.C.A. § 1252(a)(2)(D) (West 2005), we do have jurisdiction over constitutional claims and questions of law raised by an aggravated felon. Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007) (finding jurisdiction under § 1252(a)(2)(D) to review aggravated felon's claim of entitlement to a cancellation or waiver of removal).

Green first asserts that the Board erred in finding him ineligible for a § 212(c) waiver. Our review of the administrative record and the Board's decision, however, reveals that the Board was correct in finding that, at the time of his plea agreement and subsequent guilty plea to a controlled substance offense in Maryland state court, Green was not eligible for § 212(c) relief.

This is so because section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1277, enacted on April 24, 1996, rendered aliens deportable due to convictions for aggravated felonies and certain other offenses ineligible for § 212(c) relief.[*] Therefore, Green's claim of eligibility for § 212(c) relief fails.

Green also contends that the immigration judge denied him due process by prejudging his claim of eligibility for § 212(c) relief. However, our review of the administrative record reveals that the immigration judge, after stating his understanding of the applicable statutes and subsequent amendments, allowed the parties to file legal arguments supported by exhibits before entering a thoughtful, thorough and correct decision finding Green ineligible for the § 212(c) waiver. Therefore, Green's due process claim fails.

Accordingly, we deny Green's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

---

[*]On September 30, 1996, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, was enacted, repealing former § 212(c) in its entirety.

- 3 -