**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-7693**

_____

ARTHUR KOBINA BEN-CAREW,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

_____

**No. 05-7747**

_____

ARTHUR KOBINA BEN-CAREW,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

_____

On Petitions for Review of an Order of the Board of Immigration Appeals. (A72-382-509)

_____

Submitted: November 30, 2007      Decided: December 21, 2007

_____

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Petitions dismissed by unpublished per curiam opinion.

Arthur Kobina Ben-Carew, Petitioner Pro Se.  Song E. Park, M. Jocelyn Lopez Wright, James Arthur Hunolt, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for review, Arthur Kobina Ben-Carew, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals ("Board") summarily dismissing his appeal of the decision of the immigration judge ("IJ") finding him removable for committing a crime involving moral turpitude, ineligible for asylum for committing an aggravated felony, and denying withholding of removal and relief under the Convention Against Torture. We dismiss the petitions.

Under 8 U.S.C.A. § 1252(a)(2)(C) (West 2005), we have no jurisdiction to review any final order of removal against an alien who is removable for having been convicted of a crime involving moral turpitude or an aggravated felony. We only have jurisdiction to review the factual determinations that trigger the applicability of § 1252(a)(2)(C), Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002), and to resolve constitutional claims or questions of law raised in the petition for review. 8 U.S.C.A. § 1252(a)(2)(D) (West 2005); Mbea v. Gonzales, 482 F.3d 276, 276 n.1 (4th Cir. 2007). In removal proceedings, Ben-Carew conceded he was removable as an alien who was convicted of a crime involving moral turpitude, and we conclude that § 1252(a)(2)(C) is applicable.

Even in light of § 1252(a)(2)(D), we find we lack jurisdiction to consider any claim raised in Ben-Carew's petitions for review, because he failed to properly exhaust his available

- 3 -

administrative remedies by raising the claims before the Board. See 8 U.S.C. § 1252(d)(1) (West 2005); <u>Asika v. Ashcroft</u>, 362 F.3d 264, 267 n.3 (4th Cir. 2004). Ben-Carew does not challenge the Board's order summarily dismissing his appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E) (2005) because of his failure to file a brief or statement in support of his appeal after indicating that he would do so. He does, however, allege his counsel was ineffective for having failed to file any brief. Before we may consider this issue, Ben-Carew must exhaust his administrative remedies by timely moving to reopen before the Board. See <u>Galvez Pineda v. Gonzales</u>, 427 F.3d 833, 837-38 (10th Cir. 2005). Since the administrative record before the court does not establish that he has done so, we conclude that we lack jurisdiction to review the claim.

Accordingly, we dismiss the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DISMISSED</u>