**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2333**

XU PEI GAO,

       Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 8, 2010        Decided: August 20, 2010

Before GREGORY, DAVIS, and KEENAN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Xu Pei Gao, Petitioner Pro Se.  Brianne Whelan Cohen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xu Pei Gao, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his motion to reopen. For the reasons discussed below, we dismiss the petition for review in part and deny the petition for review in part.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including a firearms offense. Because Gao was found removable for having been convicted of a firearms offense, under § 1252(a)(2)(C), we have jurisdiction only "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Gao] [i]s an alien and whether []he has been convicted of [a firearms offense]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007). Based on our review of the record, we find that Gao is indeed an alien who has been convicted of a firearms offense, and § 1252(a)(2)(C) divests us

2

of jurisdiction over the petition for review absent a colorable constitutional claim or question of law.

Gao first challenges the finding that he was convicted of an aggravated felony – a finding that rendered him ineligible for asylum and withholding of removal. We have jurisdiction to review this question of law. See Mbea, 482 F.3d at 279. Based on our review of the record, we find that Gao's conviction under Virginia law for robbery constituted a "crime of violence" as defined in 18 U.S.C. § 16 (2006), and was therefore an aggravated felony. See 8 U.S.C. § 1101(a)(43)(F) (2006); Williams v. Virginia, 685 S.E.2d 178, 180 (Va. 2009) (defining robbery as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation") (emphasis added). Because Gao was convicted of an aggravated felony for which he was sentenced to a term of more than five years, we agree that he was convicted of a "particularly serious crime" for both asylum and withholding of removal purposes. See 8 U.S.C. §§ 1158(b)(2)(B)(i), 1231(b)(3)(B)(iv) (2006). We therefore find that the Board correctly determined that Gao's robbery conviction rendered him ineligible for asylum and withholding of removal under both the INA and the Convention Against Torture. See 8 U.S.C. §§ 1158(b)(2)(A), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2) (2010).

3

Gao next argues that the Board erred in finding that he failed to meet his burden of establishing his eligibility for deferral of removal under the Convention Against Torture. Because Gao fails to raise any constitutional claims or questions of law in regard to the Board's denial of deferral of removal, we lack jurisdiction over this claim pursuant to § 1252(a)(2)(C). See Saintha v. Mukasey, 516 F.3d 243 (4th Cir. 2008) (holding that Convention Against Torture determinations are reviewed for substantial evidence and "because we only apply that standard to factual determinations, the [Board's Convention Against Torture] determination . . . is properly characterized as factual, not legal, in nature"). We therefore dismiss this portion of the petition for review.

Finally, we have reviewed Gao's remaining claims, to the extent that they raise a constitutional claim or question of law, and find them without merit. We note that Gao, who was convicted following a jury trial, is ineligible for relief under former § 212(c) as such relief remains available only to lawful permanent residents (of at least seven years) whose convictions were obtained through plea agreements and who would have been eligible for a waiver of removal at the time of the plea agreement. 8 U.S.C. § 1182(c) (1994) (repealed 1996); 8 C.F.R. § 1212.3(h) (2010); INS v. St. Cyr, 533 U.S. 289, 326 (2001). Additionally, his aggravated felony conviction renders him

4

ineligible for a § 212(h) waiver of inadmissibility.  See 8 U.S.C. § 1182(h) (2006); Mbea, 482 F.3d at 279.  It likewise renders him ineligible for cancellation of removal.  See 8 U.S.C. § 1229b(a) (2006).

Accordingly, we dismiss the petition for review in part and deny the petition for review in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

5