**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2417**

RYAN DENSEL RATTAN,

               Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

               Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 10, 2010      Decided:  December 8, 2010

Before KING, SHEDD, and AGEE, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Marc Seguinót, SEGUINÓT & ASSOCIATES, Dunn Loring, Virginia, for Petitioner.  Tony West, Assistant Attorney General, Blair T. O'Connor, Assistant Director, Joseph D. Hardy, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Densel Rattan, a native and citizen of Trinidad and Tobago, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision finding him removable as an aggravated felon, denying his motion to terminate proceedings, and finding him ineligible for relief from removal. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including aggravated felonies. Because Rattan was found removable for having been convicted of an aggravated felony, under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Rattan] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

2

Although Rattan concedes that he is a native and citizen of Trinidad and Tobago, he denies the allegation that he is removable as an aggravated felon. Based on our review of the record, we find that Rattan's convictions under Virginia law for petit larceny were for "theft offense[s] . . . for which the term of imprisonment [is] at least one year" and were therefore aggravated felonies. See 8 U.S.C. § 1101(a)(43)(G) (2006). Accordingly, Rattan is indeed an alien who has been convicted of an aggravated felony, and § 1252(a)(2)(C) divests us of jurisdiction over the petition for review.[*]

We therefore grant the Attorney General's motion to dismiss and dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[*] We note that Rattan does not raise any colorable questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D).

3