**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2013**

JERRY RODRIGO HOLTERS,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 23, 2011        Decided: March 17, 2011

Before KING, KEENAN, and WYNN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Joshua A. Berman, BLAINE L. GILBERT & ASSOCIATES, P.A., Baltimore, Maryland, for Petitioner. Tony West, Assistant Attorney General, Mark C. Walters, Senior Litigation Counsel, Aaron R. Petty, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Rodrigo Holters, a native and citizen of Bolivia, petitions for review of a final administrative order of expedited removal issued by the Department of Homeland Security. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including aggravated felonies. Because Holters was found removable for having been convicted of an aggravated felony, under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Holters] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Although Holters concedes that he is a native and citizen of Bolivia, he denies the allegation that he is removable as an aggravated felon. Based on our review of the

2

record, we conclude that Holters's conviction under Md. Code Ann., Crim. Law § 7-105 (LexisNexis 2002), for attempted unlawful taking of a motor vehicle, constituted an attempt to commit a "theft offense . . . for which the term of imprisonment [is] at least one year," and was therefore an aggravated felony. See 8 U.S.C. § 1101(a)(43)(G), (U) (2006).[1] Accordingly, Holters is indeed an alien who has been convicted of an aggravated felony, and § 1252(a)(2)(C) divests us of jurisdiction over the petition for review.[2]

We therefore dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[1] Accordingly, we need not consider whether Holters's conviction for petit larceny under Virginia law also constitutes an aggravated felony.

[2] We note that Holters does not raise any colorable questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D).