<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1242**

ONIEL A. ALLMAN,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Department of Homeland Security, Immigration and Customs Enforcement.

Submitted: February 15, 2011      Decided: March 18, 2011

Before MOTZ, KING, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Oniel A. Allman, Petitioner Pro Se. Tyrone Sojourner, David H. Wetmore, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oniel A. Allman, a native and citizen of Jamaica, petitions for review of a final administrative order of expedited removal issued by Immigration and Customs Enforcement (ICE). For the reasons discussed below, we deny the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including aggravated felonies. Because Allman was found removable for having been convicted of an aggravated felony, under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Allman] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we may consider only "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Allman contends that he was not convicted of an aggravated felony. Based on our review of the record, we find that Allman's conviction under Va. Code Ann. § 40.1-103 (Michie

2

2002 & Supp. 2010) amounted to a "crime of violence" and was therefore an aggravated felony.  See 8 U.S.C. § 1101(a)(43)(F) (2006).  We therefore reject Allman's contention that he was not properly ordered removed pursuant to 8 U.S.C. § 1228(b) (2006), and find his assertion that he was indeed eligible for relief from removal to be without merit.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3