**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1023**

TAM DUY PHAM,

     Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

     Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted: July 7, 2011     Decided: August 5, 2011

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Dev A. Kayal, WEBB & KAYAL, Chartered, Silver Spring, Maryland, for Petitioner. Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Jeffrey J. Bernstein, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tam Duy Pham, a native and citizen of Viet Nam, petitions for review an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable for having been convicted of an aggravated felony, under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C.A. § 1227(a)(2)(A)(iii) (West 2005 & Supp. 2011), as aggravated felony is defined under INA §§ 101(a)(43)(B), 101(a)(43)(U), and for having been convicted of a controlled substance offense, under INA § 237(a)(2)(B)(i), 8 U.S.C.A. § 1227(a)(2)(B)(i). We deny the petition for review.

Under INA § 237(a)(2)(A)(iii), 8 U.S.C.A. § 1227(a)(2)(A)(iii), an alien is removable for having been convicted of an aggravated felony at any time after admission. Under INA § 101(a)(43)(B), 8 U.S.C.A. § 1101(a)(43)(B) (West 2005 & Supp. 2011), an aggravated felony includes "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]" In addition, a conviction for a conspiracy to commit a drug trafficking crime is also an aggravated felony. See INA § 101(a)(43)(U); 8 U.S.C.A. § 1227(a)(43)(U). Under 18 U.S.C. § 924(c)(2) (2006), a drug trafficking crime means any felony punishable under the Controlled Substances Act. Under INA

2

§ 237(a)(2)(B)(i), 8 U.S.C.A. § 1227(a)(2)(B)(i), an alien is removable for having been convicted of a controlled substance offense at any time after admission.

Although this court lacks jurisdiction to review a final removal order based on a finding that the alien was convicted of an aggravated felony, this court retains jurisdiction to determine whether Pham is an alien and whether he stood convicted of an aggravated felony. See Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). We do not defer to the Board's determination that a particular state conviction qualifies as an aggravated felony. See Soliman v. Gonzales, 419 F.3d 276, 281 (4th Cir. 2005) (recognizing that an interpretation of a state criminal statute is not within the Board's authority or expertise).

We conclude that in this instance, Pham's conviction for conspiracy to distribute less than ½ ounce of marijuana, in violation of Va. Code Ann. § 18.2-256 (2009), qualifies as both an aggravated felony and a controlled substance offense.[*] Accordingly, because Pham was removable for having been convicted of an aggravated felony, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

_____

[*] Pham acknowledged he was a native and citizen of Viet Nam.

3

before the court and argument would not aid the decisional process.

PETITION DENIED