**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-2019**

---

EMMANUEL OBITA,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  December 13, 2012      Decided:  December 20, 2012

---

Before AGEE, DAVIS, and WYNN, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

Emmanuel Obita, Petitioner Pro Se.  Kiley L. Kane, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel Obita, a native and citizen of Sudan,[1] petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his request for deferral of removal under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Obita] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

---

[1] Obita is actually from Juba, which is the capital of South Sudan. South Sudan became an independent state on July 9, 2011.

2

Because Obita has conceded that he is a native and citizen of Sudan and that he has been convicted of a criminal offense that qualifies as an aggravated felony, see 8 U.S.C. § 1101(a)(43)(G) (2006) (defining aggravated felony as including "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year"), we find that § 1252(a)(2)(C) divests us of jurisdiction over the petition for review.[2] We therefore deny leave to proceed in forma pauperis and dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[2] Obita does not raise any questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D).

3