**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2004**
_____

TULIO ABELINO SARAVIA-GONZALEZ,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: January 16, 2014      Decided: January 27, 2014

_____

Before KING, AGEE, and WYNN, Circuit Judges.

_____

Petition dismissed by unpublished per curiam opinion.

_____

Tulio Abelino Saravia-Gonzalez, Petitioner Pro Se. Stuart F. Delery, Assistant Attorney General, Daniel Eric Goldman, Senior Litigation Counsel, Jonathan Aaron Robbins, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tulio Abelino Saravia-Gonzalez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for withholding of removal and protection under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including a controlled substance offense. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Saravia-Gonzalez] [i]s an alien and whether []he has been convicted of a [controlled substance offense]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Because Saravia-Gonzalez has conceded that he is a native and citizen of El Salvador and that he has been convicted

2

of a controlled substance offense, we find that § 1252(a)(2)(C) divests us of jurisdiction over the petition for review.[*]  We therefore deny leave to proceed in forma pauperis and dismiss the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

---

[*]  Saravia-Gonzalez does not raise any colorable constitutional issues or questions of law that would fall within the exception set forth in § 1252(a)(2)(D).