**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2130**

WILLIO MODE,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 16, 2014        Decided:  January 29, 2014

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Willio Mode, Petitioner Pro Se.  Aimee J. Carmichael, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willio Mode, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals' ("Board") order affirming the immigration judge's denial of Mode's application for deferral of removal under the Convention Against Torture.[1] For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Mode] [i]s an alien and whether [ ]he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law."

---

[1] Before the immigration judge, Mode conceded that his aggravated felony conviction for a particularly serious crime precluded him from receiving asylum or withholding of removal. He did not dispute this issue on appeal to the Board, nor does he challenge it before this court.

2

8 U.S.C. § 1252(a)(2)(D); see Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Because Mode has conceded that he is a native and citizen of Haiti and that he has been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) (2012) (defining "aggravated felony" as including "illicit trafficking in a controlled substance . . . , including a drug trafficking crime"), we find that § 1252(a)(2)(C) divests us of jurisdiction over the petition for review.[2]  We therefore dismiss the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

---

[2] Mode does not raise any colorable questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D).

3