**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-2324**

———————

ANDREW BERNARD FULLER,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  January 14, 2014          Decided:  March 10, 2014

———————

Before MOTZ, KING, and WYNN, Circuit Judges.

———————

Petition dismissed by unpublished per curiam opinion.

———————

Andrew Bernard Fuller, Petitioner Pro Se.  Andrea Gevas, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Bernard Fuller, a native and citizen of Trinidad and Tobago, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, his appeal from the immigration judge's denial of his request for deferral of removal under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Fuller] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Because Fuller has conceded that he is a native and citizen of Trinidad and Tobago and that he has been convicted of

a criminal offense that qualifies as an aggravated felony, see 8 U.S.C. § 1101(a)(43)(G) (2012) (defining aggravated felony as including "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year"), we find that § 1252(a)(2)(C) divests us of jurisdiction over the petition for review.* We therefore dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

---

* Fuller does not raise any questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D).

3