**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1012**

SHIRLEY OSBOURNE HAYE, a/k/a Shirley Osburnce Haye,

      Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 7, 2014          Decided:  May 21, 2014

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Shirley Osbourne Haye, Petitioner Pro Se.  Stuart F. Delery, Michael Christopher Heyse, John Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shirley Osbourne Haye, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his request for deferral of removal under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Haye] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Because Haye has conceded that he is a native and citizen of Jamaica and that he has been convicted of a criminal offense that qualifies as an aggravated felony, see 8 U.S.C.

2

§ 1101(a)(43)(R) (2012) (defining aggravated felony as including "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year"), we find that § 1252(a)(2)(C) divests us of jurisdiction.[*] We therefore deny leave to proceed in forma pauperis and dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[*] Haye does not raise any questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D).