**Harry OSORE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 13–1464.**

United States Court of Appeals, Fourth Circuit.

Submitted: June 13, 2014.

Decided: June 19, 2014.

Harry Osore, Petitioner Pro Se. Channah F. Norman, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

Petition denied by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harry Osore, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal, withholding under the Convention Against Torture ("CAT") and cancellation of removal. We deny the petition for review.

Osore was found removable for having been convicted of two crimes of moral turpitude not arising out of a single scheme of conduct, Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii). Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction to review the final order of removal of an alien convicted of certain enumerated crimes, including two or more crimes involving moral turpitude not arising out of a single scheme of criminal conduct, for which a sentence of one year or longer may be imposed. *See* 8 U.S.C. § 1227(a)(2)(A)(ii) (2012). We retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Osore] [i]s an alien and whether [ ]he has been convicted of" two or more crimes involving moral turpitude. *Ramtulla v. Ashcroft*, 301 F.3d 202, 203 (4th Cir.2002). Once we confirm these two factual determinations, then we may only consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see Mbea v. Gonzales*, 482 F.3d 276, 278 n. 1 (4th Cir.2007).

Osore does not challenge the finding that he is an alien and that he was convicted of two crimes involving moral turpitude.* Thus, we may only consider constitutional claims or questions of law. While Osore attempts to raise reviewable claims,

we conclude that none of the claims have merit.

Osore challenges that part of the order directing that he be removed to Switzerland. We note that Osore admitted he was a citizen of Switzerland and designated Switzerland as the country of removal. After Osore tried to retract his declaration, the immigration judge directed that Kenya be the alternate country of removal. This is entirely consistent with the statute. 8 U.S.C. § 1231(b)(2)(A)(i), (D) (2012). We further conclude that there is no merit to Osore's claim that he is not subject to removal proceedings because he was admitted under 8 U.S.C. § 1101(a)(15)(g)(iv) (2012).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED.*

---

* While Osore may be presently challenging the convictions in state court, there is no indication that the convictions have been vacated or otherwise called into question.