**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2183**

MIGUEL ANGEL LOPEZ-FERRUFINO,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 26, 2015          Decided: April 20, 2015

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Virginia, for Petitioner. Joyce R. Branda, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Robbin K. Blaya, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Lopez-Ferrufino, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for withholding of removal and protection under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i) (2012). Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Lopez-Ferrufino] [i]s an alien and whether []he has been convicted of a [controlled substance offense]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Because Lopez-Ferrufino conceded before the immigration judge that he is a native and citizen of Honduras and that he is

2

removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who, at any time after admission, was convicted of a controlled substance violation, other than a single offense involving possession for one's own use of 30 grams or less of marijuana, we find that § 1252(a)(2)(C) divests us of jurisdiction over the petition for review.[*] We therefore dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[*] Lopez-Ferrufino does not raise any colorable questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D).

3