**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2217

IJAZ WILLIAM,

                    Petitioner,

          v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 15, 2015                    Decided:  June 2, 2015

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Jonathan M. Fee, Michael E. Ward, ALSTON & BIRD LLP, Washington, D.C., for Petitioner.  Benjamin C. Mizer, Acting Assistant Attorney General, Song Park, Senior Litigation Counsel, Lindsay M. Murphy, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ijaz William, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen after he affirmatively withdrew his appeal and his opposition to the Attorney General's appeal. We dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. We retain jurisdiction "only to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [William] [i]s an alien and whether [ ]he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once the Court confirms these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), it can only consider "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D); see Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Because William concedes that he is an alien who was removed because he was convicted of an aggravated felony, our review is limited to constitutional claims and questions of law. William challenges that part of the Board's order denying

2

reopening in order to revisit the Board's order sustaining the Attorney General's appeal from the immigration judge's order granting deferral of removal under the CAT. The Board denied reopening to revisit the Board's prior order because William affirmatively withdrew his appeal and his opposition to the Attorney General's appeal, not because he had been removed. (Administrative Record 3). Because the Board's decision in this regard was a discretionary one, we do not have jurisdiction. 8 U.S.C. § 1252(a)(2)(C); see also, Larngar v. Holder, 562 F.3d 71, 75 (1st Cir. 2009) (court lacked jurisdiction, except for constitutional claims and questions of law, over denial of alien's motion to reopen, who was removable for having been convicted of an aggravated felony).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

3