**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1501**

FRANCISCO ARTURO PINEDA TORRES,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 5, 2015        Decided: December 4, 2015

Before DUNCAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Erica B. Miles, Senior Litigation Counsel, David Schor, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Arturo Pineda Torres, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order adopting and affirming the immigration judge's decision finding him removable for having been convicted of an aggravated felony and ineligible for protection under the Convention Against Torture. We dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. We retain jurisdiction "only to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Pineda Torres] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we may only consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 526-27 (4th Cir. 2012). Pineda Torres concedes that he is a native and citizen of El Salvador and that he was convicted of an aggravated felony. Therefore, we may only consider constitutional claims or questions of law.

2

To qualify for protection under the CAT, a petitioner bears the burden of showing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2015). To state a prima facie case for relief under the CAT, a petitioner must show that he or she will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2015); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). The applicant need not prove the torture would be inflicted on account of a protected ground. Dankam v. Gonzales, 495 F.3d 113, 116 (4th Cir. 2011).

Whether Pineda Torres established that an El Salvadoran government official would instigate or acquiesce in his torture is a factual finding over which we do not have jurisdiction. Saintha, 516 F.3d at 249-50 (whether government acquiesced in torture is a factual finding reviewed for substantial evidence). To the extent that Pineda Torres argues that the IJ and the Board used an incorrect legal standard, we are without jurisdiction to review this claim because Pineda Torres did not raise the claim on appeal to the Board. 8 U.S.C. § 1252(d)(1) (2012); Tiscareno-Garcia v. Holder, 780 F.3d 205, 210 (4th Cir.

3

2015) (holding that court is without jurisdiction to review claim that is unexhausted).

Accordingly, we deny leave to proceed in forma pauperis and dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DISMISSED</u>