**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2499**

NICHOLAS AVASKAR SEIVWRIGHT, a/k/a Nicolas Nicholas,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent,

------------------------------------------

CAPITAL AREA IMMIGRANTS' RIGHTS COALITION,

Amicus Supporting Petitioner.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 3, 2019                Decided: September 18, 2019

Before AGEE and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Maureen A. Sweeney, Supervising Attorney, Virginia Giannini, Student Attorney, Bennett Procter, Student Attorney, UNIVERSITY OF MARYLAND FRANCIS KING CAREY SCHOOL OF LAW, Baltimore, Maryland, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Stephanie E. Beckett, Trial

Attorney, OFFICE OF IMMIGRATION LITIGATION, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. Claudia R. Cubas, Mark Feldman, Jenny Kim, CAPITAL AREA IMMIGRANTS' RIGHTS COALITION, Washington, D.C.; Erica Hashimoto, Director, Marcella Coburn, Dylan Byrd, Student Counsel, Rebecca Deucher, Student Counsel, Dominick Schumacher, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C. for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Avaskar Seivwright, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals denying Seivwright's motion to reopen his removal proceedings. We dismiss the petition for lack of jurisdiction.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Seivwright] [i]s an alien and whether [ ]he has been convicted of an aggravated felony." *Ramtulla v. Ashcroft*, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); *see Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012). This jurisdictional bar extends to limit our review of an order denying a criminal alien's motion to reopen his removal proceedings. *Oxygene v. Lynch*, 813 F.3d 541, 544-45 (4th Cir. 2016).

Seivwright does not now, and did not in the underlying motion to reopen, contest either his alienage or his removability for having been convicted of aggravated felonies. While Seivwright raises a number of issues in his opening brief, upon review, we agree with the Attorney General that these issues do not present constitutional claims or colorable issues of law under § 1252(a)(2)(D) but, rather, raise factual disputes relative to the three factual findings underpinning the Board's ruling that Seivwright's motion to reopen was

3

time-barred. *See id.* at 545 (explaining that we "must analyze each argument" a criminal alien raises in response to the denial of a motion to reopen "to determine whether it presents a legal or constitutional question, or raises only a factual dispute"). We thus conclude that § 1252(a)(2)(C) divests us of jurisdiction over most of the raised issues.

Seivwright also challenges the Board's refusal to exercise its sua sponte authority to reopen his proceedings. We generally lack jurisdiction to review how the agency exercises its sua sponte discretion. *See Lawrence v. Lynch*, 826 F.3d 198, 206 (4th Cir. 2016); *Mosere v. Mukasey*, 552 F.3d 397, 400-01 (4th Cir. 2009). Even assuming, as Seivwright asserts, that we may review the Board's exercise of sua sponte discretion when it is based on a faulty legal premise, *see Lawrence*, 826 F.3d at 207 n.5, or violates the Board's "general policy" restricting its own discretion, *see Chehazeh v. Att'y Gen.*, 666 F.3d 118, 129 (3d Cir. 2012), we conclude that Seivwright has failed to establish that either potential exception applies here.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*