**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1137**

DUC NGOC DINH,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 12, 2012        Decided: July 20, 2012

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Jamie M. Dowd, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duc Ngoc Dinh, a native and citizen of Vietnam, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his motion to terminate proceedings and finding him removable for having been convicted of an aggravated felony. We dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including aggravated felonies. Because Dinh was found removable for having been convicted of an aggravated felony, under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Dinh] [i]s an alien and whether [ ]he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Although Dinh concedes that he is a native and citizen of Vietnam, he denies the allegation that he is removable as an

aggravated felon. Based on our review of the record, we conclude that Dinh's conviction under Md. Code Ann., Crim. Law § 7-105 (LexisNexis 2012), Motor Vehicle Theft, constituted an attempt to commit a "theft offense . . . for which the term of imprisonment [is] at least one year," and was therefore an aggravated felony. See 8 U.S.C. § 1101(a)(43)(G) (2006). Accordingly, Dinh is indeed an alien who has been convicted of an aggravated felony, and § 1252(a)(2)(C) divests us of jurisdiction over the petition for review. We dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED