**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1690**

SALLAHADIN BIRHAN,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 10, 2012          Decided:  August 17, 2012

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Sallahadin Birhan, Petitioner Pro Se.  Robbin Kinmonth Blaya, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sallahadin Birhan, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable because he had been convicted of an aggravated felony and a controlled substance offense. We dismiss the petition for review.

Under INA § 237(a)(2)(A)(iii), 8 U.S.C.A. § 1227(a)(2)(A)(iii) (West 2005 & Supp. 2012), an alien is removable for having been convicted of an aggravated felony at any time after admission. Under INA § 101(a)(43)(B), 8 U.S.C.A. § 1101(a)(43)(B) (West 2005 & Supp. 2012), an aggravated felony includes "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]" In addition, a conviction for a conspiracy to commit a drug trafficking crime is also an aggravated felony. See INA § 101(a)(43)(U); 8 U.S.C.A. § 1227(a)(43)(U). Under 18 U.S.C. § 924(c)(2), a drug trafficking crime means any felony punishable under the Controlled Substances Act. Under INA § 237(a)(2)(B)(i), 8 U.S.C.A. § 1227(a)(2)(B)(i), an alien is deportable for having been convicted of a controlled substance offense at any time after admission.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction, except as provided in 8 U.S.C.

2

§ 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), this court retains jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Birhan] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once the court confirms these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), it can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Birhan, who is proceeding pro se, does not challenge the finding that he was convicted of an aggravated felony despite the pending appeal. Birhan's failure to raise this challenge in his opening informal brief results in abandonment of the claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same). Therefore, we neither review the finding that he had a prior conviction of an aggravated felony nor address the issue of whether a conviction is final for immigration purposes if the direct appeal is pending.

Birhan does challenge his counsel's effectiveness and claims he was denied due process because he should have been able to apply for relief under the Convention Against Torture.

3

Because Birhan failed to exhaust these issues below, this court is without jurisdiction to review. <u>See</u> 8 U.S.C. § 1252(d)(1) (2006); <u>Massis v. Mukasey</u>, 549 F.3d 631, 638-40 (4th Cir. 2008).

Because Birhan is an alien who was convicted of an aggravated felony and he does not raise an exhausted constitutional claim or a question of law, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED</u>