**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1471**

JUNIOR ANTHONY PHILLIPS,

              Petitioner,

        v.

ERIC H. HOLDER, JR.,

              Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  July 17, 2012        Decided:  September 11, 2012

Before GREGORY, DIAZ, and FLOYD, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Junior Anthony Phillips, Petitioner Pro Se.  Stefanie A. Svoren-
Jay, Office of Immigration Litigation, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Junior Anthony Phillips, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals ("Board") sustaining the Department of Homeland Security's appeal from the immigration judge's grant of Phillips' application for deferral of removal under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Phillips] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Because Phillips has conceded that he is a native and citizen of Jamaica and that he has been convicted of an

2

aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(G) (2006) (defining aggravated felony as including "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year"), we find that § 1252(a)(2)(C) divests us of jurisdiction over the petition for review.[*]  We therefore deny leave to proceed in forma pauperis and dismiss the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[*] Phillips does not raise any colorable questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D).

3