**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2153**

SENANU AMEDOME,

          Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 12, 2013         Decided: June 3, 2013

Before DIAZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Stuart F. Delery, Principal Deputy Assistant Attorney General, Francis W. Fraser, Senior Litigation Counsel, Jacob A. Bashyrov, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Senanu Amedome, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Because we are without jurisdiction, we dismiss the petition for review.

The Immigration and Naturalization Act ("INA") provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii) (2006). Section 1101(a)(43) lists offenses that are aggravated felonies. The list includes "an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year[.]" 8 U.S.C. § 1101(a)(43)(R) (2006).

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D), to review the final order of removal of an alien convicted of certain enumerated crimes, including aggravated felonies. Because Amedome was found removable for having been convicted of an aggravated felony, under § 1252(a)(2)(C), this court retains jurisdiction "to review

2

factual determinations that trigger the jurisdiction-stripping provision, such as whether [Amedome] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once the court confirms these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), it can only consider constitutional claims or questions of law. See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007). This court reviews legal issues, including the question of whether a particular offense is an aggravated felony, de novo. Id. at 279.

Amedome does not contest the finding that he is an alien and that he was convicted of an aggravated felony. Indeed, the record supports the finding that he is a native and citizen of Ghana and that he was convicted in Virginia of Forging a Public Record, Va. Code Ann. § 18.2-168 (2009), a Class 4 Felony. Thus, this court's jurisdiction extends only to constitutional claims and questions of law. This exception to the jurisdictional rule is "narrow." Saintha v. Mukasey, 516 F.3d 243, 248 (4th Cir. 2008). The court does not have jurisdiction to review factual determinations. Id. Factual determinations are those determinations that this court would review for substantial evidence. Id. at 249.

Amedome asserts that the record lacks substantial evidence showing that he did not suffer past persecution, that

he did not show a clear probability of persecution and that he did not show that it was more likely than not that he will be tortured. These are clearly factual findings that this court would review for substantial evidence. See Xiao Ji Chen v. Department of Justice, 471 F.3d 315, 329-30 (2d Cir. 2006) (Petitioner cannot disguise an issue regarding fact finding by calling it a constitutional claim or a question of law); Higuit v. Gonzales, 433 F.3d 417, 420 (4th Cir. 2006) (Court is not free to turn every discretionary decision into a question of law) Amedome does not raise a constitutional claim or a question of law.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

4