**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-2420**

─────────────

EDUARDO LEON-SILVA, a/k/a Edward Leon,

              Petitioner,

         v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration
Appeals.

─────────────

Submitted:  May 14, 2013          Decided:  June 13, 2013

─────────────

Before NIEMEYER, DIAZ, and THACKER, Circuit Judges.

─────────────

Petition denied in part and dismissed in part by unpublished per
curiam opinion.

─────────────

Marc Seguinót, SEGUINÓT & ASSOCIATES, P.C., Fairfax, Virginia,
for Petitioner.  Stuart F. Delery, Principal Deputy Assistant
Attorney General, Thomas B. Fatouros, Senior Litigation Counsel,
Ann M. Welhaf, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eduardo Leon-Silva ("Silva"), a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny in part and dismiss in part the petition for review.

Silva is a native and citizen of Peru. He was found removable for having been convicted of two crimes of moral turpitude, Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii). Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction to review the final order of removal of an alien convicted of certain enumerated crimes, including two or more crimes involving moral turpitude not arising out of a single scheme of criminal conduct, for which a sentence of one year or longer may be imposed. See 8 U.S.C. § 1227(a)(2)(A)(ii) (2006) (providing that "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct . . . is deportable"). The court retains jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Silva] [i]s

an alien and whether []he has been convicted of" two or more crimes involving moral turpitude. Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once the court confirms these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), it may only consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D) (2006); see Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Silva does not challenge the factual determinations that trigger the jurisdiction-stripping provision. Thus, this court may only consider constitutional claims or questions of law.

Silva first asserts that he was denied due process because the Board did not remand the case to the immigration judge to consider the framework established in Matter of M-A-M-, 25 I. & N. Dec. 474 (BIA 2011), a precedential opinion that set forth the framework for immigration judges to use when the case involves an alien suffering from a mental illness. The Board recognized that the immigration judge's decision regarding Silva's competency was issued before M-A-M-, nevertheless, the Board found that the immigration judge's analysis was thoughtful and consistent with M-A-M-'s holding. The Board also found that even if there was an indicia of incompetency, there were

sufficient safeguards in place to enable Silva to participate meaningfully in the removal proceedings.

In order to establish a due process violation during removal proceedings, Silva must show "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008). Prejudice is shown if the defect had an impact on the results of the proceedings. Id.

Silva does not show, much less argue, that he was prejudiced by the Board's decision not to remand his removal proceedings to the immigration judge. Because he fails to show he was prejudiced, we deny in part the petition for review.

Silva also argues that the evidence established that he had a well founded fear of persecution sufficient to warrant withholding of removal and that it was more likely than not that he will be tortured if returned to Peru, making him eligible for relief under the CAT. These are clearly factual questions challenging the weight given the evidence by the immigration judge and the Board, which we lack jurisdiction to review. Thus, we dismiss in part the petition for review.

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

PETITION DENIED IN PART
AND DISMISSED IN PART