**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1857**

_____

MARVIN GAYE POWELL,

    Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: August 13, 2013          Decided: August 21, 2013

_____

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Marvin Gaye Powell, Petitioner Pro Se.  Edward Earl Wiggers, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Gaye Powell, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding that Powell was removable and that he was not eligible for asylum, withholding of removal or deferral of removal under the Convention Against Torture ("CAT").

Powell was found removable for having been convicted of possession of cocaine with intent to distribute, in violation of Va. Code Ann. § 18.2-248. It was noted that Powell's conviction was both an aggravated felony and a controlled substance offense.

This court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony or a controlled substance violation. Under § 1252(a)(2)(C), this court retains jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Powell] [i]s an alien and whether []he has been convicted of an aggravated felony" or controlled substance violation. Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional

2

claims or questions of law." § 1252(a)(2)(D); see <u>Turkson v. Holder</u>, 667 F.3d 523, 527 (4th Cir. 2012).

Under 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), an alien is removable for having been convicted of an aggravated felony at any time after admission. Powell was first admitted to this country in 1984. Under INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B) (2006), an aggravated felony includes "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]" Under 18 U.S.C. § 924(c)(2), a drug trafficking crime means any felony punishable under the Controlled Substances Act. Under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), an alien is also removable for having been convicted of a controlled substance offense at any time after admission. Powell's conviction for possession of cocaine with intent to distribute, for which he received a six year sentence, is clearly an aggravated felony and a controlled substance offense.

Thus, we have only jurisdiction to consider constitutional claims and questions of law. Powell claims he is not removable because he recited the military oath when he joined the United States Army and that by taking the oath he became a national of the United States. This claim is without merit, as this court has rejected a similar claim. See <u>Dragenice v. Gonzales</u>, 470 F.3d 183, 188 (4th Cir. 2006).

Powell also contends he is eligible for relief from removal under Immigration and Nationality Act § 212(h), 8 U.S.C. § 1182(h)(1)(B) (2006). Powell did not raise this claim before the immigration judge or the Board. Pursuant to 8 U.S.C. § 1252(d)(1), "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]" This court has noted that "an alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board's] decision." Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990); see also Gonahasa v. INS, 181 F.3d 538, 544 (4th Cir. 1999). Moreover, this court has held that it lacks jurisdiction to consider an argument not made before the Board. Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004). Because Powell did not apply for § 212(h) relief, we do not have jurisdiction to review this claim.

Because Powell does not raise a colorable constitutional claim or a question of law, we deny the petition for review. We grant Powell's motion for in forma pauperis status. We deny his second motion to stay and his motion to reconsider the denial of his first motion to stay. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED