<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1929**

_____

CLEVELAND J. WILSON,

          Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

          Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  September 17, 2013    Decided:  September 26, 2013

_____

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Cleveland J. Wilson, Petitioner Pro Se.  Robbin Kinmonth Blaya, William Charles Peachey, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland J. Wilson, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding that he was removable and that he was not eligible for asylum, withholding of removal or deferral of removal under the Convention Against Torture ("CAT").

Wilson was found removable for having been convicted in a Virginia court of sale and distribution of marijuana, in violation of Va. Code Ann. § 18.2-248 (LexisNexis Supp. 2013), and manufacturing or distributing drugs on school property, in violation of Va. Code Ann. § 18.2-255.2 (LexisNexis Supp. 2013). It was noted that both convictions were aggravated felonies and controlled substance offenses.

We lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony or controlled substance violation. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Wilson] [i]s an alien and whether []he has been convicted of an aggravated felony" or controlled substance violation. Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual

2

determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Under 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), an alien is removable for having been convicted of an aggravated felony at any time after admission. Wilson was first admitted to this country in 1989. Under the Immigration and Nationality Act ("INA") § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B) (2006), an aggravated felony includes "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]" Under 18 U.S.C. § 924(c)(2), a drug trafficking crime means any felony punishable under the Controlled Substances Act. Under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), an alien is also removable for having been convicted of a controlled substance offense at any time after admission. Wilson's conviction for manufacturing or distributing drugs on school property, for which he received a five year sentence, is clearly an aggravated felony and a controlled substance offense. Thus, we only have jurisdiction to consider constitutional claims and questions of law.

Wilson has failed to raise a colorable constitutional claim or a question of law. He contends that he is eligible for relief from removal under INA § 212(h), 8 U.S.C. § 1182(h)(1)(B)

3

(2006). Wilson did not raise this claim before the immigration judge or the Board. Pursuant to 8 U.S.C. § 1252(d)(1), "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]" We have noted that "an alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board's] decision." Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990); see also Gonahasa v. INS, 181 F.3d 538, 544 (4th Cir. 1999). Moreover, we have held that we lack jurisdiction to consider an argument not made before the Board. Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004). Because Wilson did not apply for § 212(h) relief, we do not have jurisdiction to review this claim.

Because Wilson does not raise a colorable constitutional claim or a question of law, we deny the petition for review. We grant the motion to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

4