**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1848**
_____

NABIL AHMED AISSI,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

_____

**No. 13-2074**
_____

NABIL AHMED AISSI,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

_____

On Petitions for Review of Orders of the Board of Immigration Appeals.

_____

Submitted: January 16, 2014          Decided: February 3, 2014

_____

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Petitions denied by unpublished per curiam opinion.

—————————

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Stuart F. Delery, Assistant Attorney General, David V. Bernal, Assistant Director, Jennifer Paisner Williams, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nabil Ahmed Aissi, a native and citizen of Morocco, petitions for review of orders of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order and denying his motion for reconsideration. We deny the petitions for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Aissi] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 526-27 (4th Cir. 2012).

Aissi concedes that he is a native and citizen of Morocco and he does not challenge the finding that he is removable for having been convicted of an aggravated felony. See Fed. R. App. P. 28(a)(5), (7). Thus, we only have

3

jurisdiction to review constitutional claims and questions of law.

Because Aissi is removable for having been convicted of an aggravated felony, we will not review his challenge to the finding that he is also removable for having been convicted of two crimes of moral turpitude that did not arise out of a single scheme of criminal conduct. See INS v. Bagamasbad, 429 U.S. 24, 25 (1976) (as a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach).

Aissi's claim that the Board erred in failing to utilize the correct legal standard in determining that he did not have a clear probability of persecution is really a question of fact which we do not have jurisdiction to review. The Board found that Aissi was not credible and that he did not present sufficient corroborating evidence regarding his claim that his parents were the victims of government-sponsored persecution. It was also found that the record did not support a finding that Aissi faced a likelihood of persecution because of either his drinking problem or his alleged conversion to Christianity. Thus, the claim that the Board did not consider whether he will be targeted because of an imputed political opinion or a pattern or practice of persecuting similarly situated persons ignores the Board's factual findings which are not reviewable.

4

Aissi also challenges that Board's finding that he did not establish that it is more likely than not that he will be tortured in Morocco is a factual question over which this Court does not have jurisdiction. See Saintha v. Mukasey, 516 F.3d 243, 248-50 (4th Cir. 2008).

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITIONS DENIED

5