**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2009**

HELLEN NJERI NGATIA,

              Petitioner,

       v.

LORETTA E. LYNCH, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 7, 2015                      Decided:  May 22, 2015

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied in part, dismissed in part by unpublished per curiam opinion.

S. Alexander Miller, LAW OFFICE OF S. ALEXANDER MILLER, Arlington, Virginia, for Petitioner.  Benjamin C. Mizer, Acting Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Gladys M. Steffens Guzman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hellen Njeri Ngatia, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order finding that she was removable for having been convicted of an aggravated felony and that she was ineligible for asylum or withholding of removal in light of the finding that her convictions were particularly serious crimes. We deny in part and dismiss in part the petition for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having an aggravated felony conviction. We retain jurisdiction "only to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Ngatia] [i]s an alien and whether she has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); see Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Ngatia challenges the Board's finding that her convictions were aggravated felonies as defined in 8 U.S.C.

2

§ 1101(a)(43)(M)(i) (2012) (defining aggravated felony as including an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000").  Upon review, we conclude that the agency properly determined that the loss involved in Ngatia's convictions exceeded $10,000.  We therefore uphold the agency's decision and deny the petition for review in part for the reasons stated by the Board.  See In re: Ngatia, (B.I.A. Aug. 27, 2014).

Because Ngatia conceded before the immigration judge that she is a native and citizen of Kenya and we agree with the agency that she is removable as an aggravated felon, we find that § 1252(a)(2)(C) divests us of jurisdiction over the remainder of Ngatia's petition for review.[*]

Accordingly, insofar as Ngatia challenges the Board's order finding that her convictions were aggravated felonies, we deny the petition for review.  Insofar as she challenges that part of the Board's order finding that her convictions were also particularly serious crimes, we dismiss the petition for review.

---

[*] Ngatia does not raise any other colorable questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D).  See Pechenkov v. Holder, 705 F.3d 444, 448-49 (9th Cir. 2012) (holding that 8 U.S.C. § 1252(a)(2)(C) barred review of the agency's finding that petitioner's aggravated felony conviction was a particularly serious crime where petitioner sought only "a re-weighing of the factors involved in that discretionary determination").

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED IN PART;</u>
<u>DISMISSED IN PART</u>

4