**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 14-2036**

————————————

JOSE HERNANDEZ-NOLASCO,

                Petitioner,

        v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

————————————

**No. 14-2346**

————————————

JOSE HERNANDEZ-NOLASCO,

                Petitioner,

        v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

————————————

On Petitions for Review of Orders of the Board of Immigration Appeals.

————————————

Argued:  October 28, 2015        Decided:  December 4, 2015

————————————

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

————————————

Petitions for review dismissed in part and denied in part by published opinion. Judge Keenan wrote the opinion, in which Judge Wilkinson and Judge Thacker joined.

---

**ARGUED:** Mariam Masumi, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Edward Earl Wiggers, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Benjamin C. Mizer, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

BARBARA MILANO KEENAN, Circuit Judge:

Jose Hernandez-Nolasco, a native and citizen of Honduras, petitions for review of: (1) a decision of the Board of Immigration Appeals (BIA) ordering his removal from the United States; and (2) the BIA decision denying his motion for reconsideration. Hernandez-Nolasco argues in these consolidated petitions that the BIA erred in affirming the ruling of an immigration judge (IJ) that Hernandez-Nolasco had been convicted of a "particularly serious crime," which under the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(3)(B), and under the United Nations Convention Against Torture (CAT), see 8 C.F.R. § 1208.16(d)(2), rendered him ineligible for withholding of removal. Hernandez-Nolasco also contends that the IJ erred in concluding that he is not entitled to deferral of removal under the CAT, 8 C.F.R. § 1208.17(a). We dismiss in part and deny in part Hernandez-Nolasco's petitions, because the IJ and the BIA did not err in determining any questions of law, and we lack jurisdiction to review the IJ's underlying factual findings.

I.

Hernandez-Nolasco is a 23-year-old citizen of Honduras. He left Honduras and eventually entered the United States without authorization in 2009, when he was 17 years of age.

3

In 2012, Hernandez-Nolasco was indicted by a grand jury in Fairfax County, Virginia, and charged with possession of cocaine with the intent to distribute in violation of Virginia Code § 18.2-248. Hernandez-Nolasco entered a guilty plea to the charge in the indictment, and was convicted and sentenced to a five-year term of imprisonment, which the court suspended.

The Department of Homeland Security (DHS) later issued a Notice of Intent to Issue a Final Administrative Removal Order to Hernandez-Nolasco, who responded by requesting withholding and deferral of removal. In an interview with an asylum officer, Hernandez-Nolasco related that a gang leader had murdered his father and brother in Honduras. Hernandez-Nolasco further stated that he ultimately had left Honduras after having been kidnapped and threatened by the same gang.

The asylum officer concluded that Hernandez-Nolasco's account was credible and that he had established a reasonable fear of persecution if removed to Honduras. Accordingly, the asylum officer referred Hernandez-Nolasco to an IJ for "withholding only" proceedings to consider the limited question whether Hernandez-Nolasco was entitled to withholding of removal under the INA or the CAT, or deferral of removal under the CAT. See 8 C.F.R. § 208.31(e) (describing "withholding-only" proceedings).

4

The IJ determined that Hernandez-Nolasco was not entitled to relief under either the INA or the CAT. The IJ found that Hernandez-Nolasco had been sentenced to a term of five years' imprisonment for a drug trafficking crime, which constituted a "particularly serious crime" barring him from withholding of removal relief. The IJ found that Hernandez-Nolasco had not met his evidentiary burden to establish that he would be subject to torture, and that the government of Honduras would acquiesce in such torture, if he were removed to Honduras. Accordingly, the IJ ruled that Hernandez-Nolasco was not entitled to deferral of removal under the CAT.

Hernandez-Nolasco appealed the IJ's order to the BIA. The BIA adopted and affirmed the IJ's decision on the basis that the IJ's factual findings were not clearly erroneous, and that the IJ's legal conclusions were correct. Hernandez-Nolasco later filed a motion for reconsideration, which the BIA denied. Hernandez-Nolasco filed the present petitions for review with this Court.

## II.

We review questions of law arising from decisions of the BIA de novo. Yanez-Marquez v. Lynch, 789 F.3d 434, 444 (4th Cir. 2015). And when, as here, the BIA decision expressly has adopted the underlying decision of the IJ, we review both decisions. Id.

Hernandez-Nolasco argues that the IJ and the BIA erred in concluding that he was convicted of a "particularly serious crime," rendering him ineligible for relief under either the INA or the CAT. He does not dispute that he was convicted of the crime of possession with intent to distribute cocaine. Instead, Hernandez-Nolasco contends that this crime of conviction was not "particularly serious" within the contemplation of 8 U.S.C. § 1231(b)(3)(B)(ii) because the crime was not an "aggravated felony." See id. He also asserts that under the BIA decision of In re Y-L-, 23 I. & N. Dec. 270, 273 (BIA 2002), his case presents "unusual circumstances," and that the IJ erred in failing to receive evidence concerning this subject. According to Hernandez-Nolasco, had the IJ done so, the IJ could have weighed the exceptional factors discussed in In re Y-L-, and considered the relevant facts that Hernandez-Nolasco had not committed other crimes, and that he had acknowledged responsibility for his single crime. We disagree with Hernandez-Nolasco's argument.

An alien is entitled to withholding of removal to a particular country if the alien would be persecuted on return to that country on account of his membership in a particular social group. 8 U.S.C. § 1231(b)(3)(A). However, an alien who has been convicted of a "particularly serious crime" and, thus, "is

6

a danger to the community" is not eligible for withholding of removal. Id. § 1231(b)(3)(B); 8 C.F.R. § 1208.16(d)(2).

As relevant here, any alien who has been convicted of an "aggravated felony . . . for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years" automatically is deemed to have committed a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B); In re Y-L-, 23 I. & N. Dec. at 273. The INA defines the term "aggravated felony" to include "a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). A drug trafficking offense committed in violation of state law automatically qualifies as a "drug trafficking crime" under this section if the defendant was convicted under a state statute that proscribes conduct necessarily punishable as a felony under the Controlled Substances Act (CSA), 21 U.S.C. § 801 et seq. See 18 U.S.C. § 924(c)(2); Moncrieffe v. Holder, 133 S. Ct. 1678, 1684–85 (2013). Therefore, if an alien is convicted of a state crime that necessarily would constitute a felony under the CSA, the alien's crime of conviction qualifies as an "aggravated felony."

Hernandez-Nolasco concedes that he was charged with and convicted of possession with intent to distribute cocaine. Under the CSA, when the controlled substance involved in an offense is cocaine, possession with intent to distribute that substance always is punishable as a felony. 21 U.S.C. §§

7

841(a), 841(b)(1)(C); 21 C.F.R. § 1308.12. Therefore, Hernandez-Nolasco's crime of conviction qualifies as an "aggravated felony" under the INA. See Moncrieffe, 133 S. Ct. at 1686.

This "aggravated felony" conviction, for which Hernandez-Nolasco received a sentence of five years' imprisonment, is per se a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B). See Gao v. Holder, 595 F.3d 549, 555 (4th Cir. 2010). Thus, the "unusual circumstances" discussed in In re Y-L-, which may be considered when the sentence imposed for an aggravated felony is less than five years, are irrelevant to the present case. See In re Y-L-, 23 I. & N. Dec. at 273–74. Accordingly, we hold that the IJ and the BIA did not err in determining that Hernandez-Nolasco was convicted of a "particularly serious crime" rendering him ineligible for withholding of removal under the INA and the CAT. See 8 U.S.C. § 1231(b)(3)(B); 8 C.F.R. § 1208.16(d)(2). For the same reason, we further hold that the BIA did not abuse its discretion in denying Hernandez-Nolasco's motion for reconsideration of its ruling. See Jean v. Gonzales, 435 F.3d 475, 483 (4th Cir. 2006) (affirming a BIA denial of a motion to reconsider when the BIA provided a rational explanation for its decision).

III.

We do not reach the merits of Hernandez-Nolasco's argument that the IJ and the BIA erred in concluding that he failed to meet his evidentiary burden to establish that he qualifies for deferral of removal under the CAT. The INA limits our jurisdiction over final orders of removal involving convictions "relating to a controlled substance." 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1252(a)(2)(C). In such cases, we have jurisdiction only to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Because Hernandez-Nolasco was convicted of a state crime involving a controlled substance, we lack jurisdiction to review questions of fact underlying the present order denying him deferral of removal. In particular, Hernandez-Nolasco's argument that he is likely to be tortured upon return to Honduras raises a purely factual question. See Saintha v. Mukasey, 516 F.3d 243, 249–50 (4th Cir. 2008). Accordingly, we do not have jurisdiction to consider the merits of his claim for deferral of removal under the CAT.

IV.

For these reasons, we dismiss in part, and deny in part, Hernandez-Nolasco's petitions for review.

PETITIONS FOR REVIEW DISMISSED
IN PART AND DENIED IN PART

9