**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1672**

RICARDO JAVIER REYES,

             Petitioner,

        v.

LORETTA E. LYNCH, Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 22, 2015          Decided:  February 5, 2016

Before MOTZ, KEENAN, and HARRIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Lisa M. Arnold, Senior Litigation Counsel, Scott M. Marconda, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Javier Reyes, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of his request for deferral of removal under the Convention Against Torture (CAT). For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Reyes] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002) (per curiam). Once we confirm these two factual determinations, we may then only consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Reyes has conceded that he is a native and citizen of El Salvador and does not contest that he has been convicted of a criminal offense that qualifies as an aggravated felony. Upon review, we hold that the lead argument advanced by Reyes is not

2

a sufficiently colorable legal question as to invoke this court's jurisdiction under § 1252(a)(2)(D). See, e.g., Jian Pan v. Gonzales, 489 F.3d 80, 84 (1st Cir. 2007) ("To trigger our jurisdiction, the putative constitutional or legal challenge must be more than a disguised challenge to factual findings."); Arias v. U.S. Attorney Gen., 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (per curiam) (explaining that, for a claim to be colorable, it "must have some possible validity" (internal quotation marks omitted)). Nor do we have jurisdiction to consider Reyes' second argument in which Reyes seeks review of the agency's critical factual determination in this case. See Hernandez-Nolasco v. Lynch, 807 F.3d 95, 99 (4th Cir. 2015) (holding that we lacked jurisdiction to review petitioner's argument that the agency erroneously concluded "that he failed to meet his evidentiary burden to establish that he qualifies for deferral of removal under the CAT" because it raised "a purely factual question").

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

3