**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2394**

YOUNIS EL SAYEDRI,

              Petitioner,

        v.

JEFFERSON B. SESSIONS III, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 25, 2017                    Decided: April 28, 2017

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Younis El Sayedri, Petitioner Pro Se.  Christina Petersen Greer, John Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Younis El Sayedri, a native and citizen of Sudan, petitions for review of orders of the Board of Immigration Appeals (Board) dismissing his appeals from the immigration judge's decisions finding him inadmissible for having been convicted of a crime involving moral turpitude, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2012), ineligible for cancellation of removal, 8 U.S.C. § 1229b(a) (2012), and that he failed to meet his burden for asylum, withholding of removal, protection under the CAT, and a discretionary waiver of inadmissibility, 8 U.S.C. § 1182(i)(1) (2012). We dismiss the petition for lack of jurisdiction.

We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C) (2012), except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien convicted of certain enumerated crimes, including a crime involving moral turpitude. We retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [El Sayedri] [i]s an alien and whether []he has been convicted of [a CIMT]." *Ramtulla v. Ashcroft,* 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); *see Turkson v. Holder,* 667 F.3d 523, 526-27 (4th Cir. 2012). Moreover, only such claims that are colorable will be reviewed under § 1252(a)(2)(D). *See Gomis v. Holder,* 571 F.3d 353, 358 (4th Cir. 2009) ("[A]bsent a colorable constitutional claim or question of law, our review of the issue is not authorized by § 1252(a)(2)(D).").

We conclude that, under the modified categorical approach, El Sayedri is removable as charged because his conviction for conspiracy to commit immigration document fraud, in violation of 18 U.S.C. §§ 2, 371, 1546(a) (2012), is a crime involving moral turpitude. Therefore, our review is limited to colorable constitutional claims or questions of law. After reviewing El Sayedri's informal brief and his supplemental informal brief, we conclude that El Sayedri fails to raise a reviewable constitutional claim or question of law.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*