**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2082**

CALVIN EUGENE PHIPPS, a/k/a Calvin Phillips,

Petitioner - Appellant,

v.

WILLIAM P. BARR, Attorney General,

Respondent - Appellee.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 26, 2019                    Decided: March 28, 2019

Before AGEE and WYNN, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Abdoul A. Konare, KONARE LEW, Washington, D.C., for Petitioner. Joseph H. Hunt, Assistant Attorney General, Margaret Kuehne Taylor, Senior Litigation Counsel, Enitan O. Otunla, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Eugene Phipps, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his request for protection under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Phipps] [i]s an alien and whether []he has been convicted of an aggravated felony." *Ramtulla v. Ashcroft,* 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); *see Turkson v. Holder,* 667 F.3d 523, 527 (4th Cir. 2012).

Because Phipps has conceded that he is a native and citizen of Jamaica and the record reveals that he was convicted of a criminal offense that qualifies as an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(T) (2012) (defining aggravated felony as including "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed), we find that § 1252(a)(2)(C) divests us of jurisdiction over the petition

for review.* We therefore dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DISMISSED*

---

\* Upon review, we conclude that Phipps does not raise any questions of law or constitutional issues that would fall within the exception set forth in § 1252(a)(2)(D). *See Saintha v. Mukasey,* 516 F.3d 243, 250 (4th Cir. 2008).