**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1474**

LUIS PABLO AYLLON DURAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 20, 2019                    Decided: December 5, 2019

Before AGEE and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Alfred Lincoln Robertson, Jr., ROBERTSON LAW OFFICE, PLLC, Springfield, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Stephen P. Finn, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Pablo Ayllon Duran, a native and citizen of Bolivia, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his request for withholding of removal and protection under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2018), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2018), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Ayllon Duran] [i]s an alien and whether []he has been convicted of an aggravated felony." *Ramtulla v. Ashcroft*, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); *see Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012).

Because Ayllon Duran has conceded that he is a native and citizen of Bolivia and that he has been convicted of a criminal offense that qualifies as an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(B) (2018) (defining aggravated felony as including "illicit trafficking in a controlled substance"), we find that § 1252(a)(2)(C) divests us of

jurisdiction over the petition for review.[*] We therefore dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

---

[*] Upon review, we conclude that Ayllon Duran does not raise any questions of law or constitutional issues that would fall into the exception set forth in § 1252(a)(2)(D). *See Saintha v. Mukasey*, 516 F.3d 243, 250 (4th Cir. 2008).